**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Catherine A. Zawada, | No. CV-07-1535 PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Woodstone Apartment Homes, an Arizona company, et al., | |
| Defendants. | |

*Pro se* Plaintiff Catherine A. Zawada filed suit against Milestone Management and others alleging sex discrimination and intentional infliction of emotional distress. Dkt. #1. Plaintiff and Defendants reached a settlement and stipulated to dismiss Plaintiff's action with prejudice. Dkt. ##23, 25. Pursuant to the stipulation, the Court dismissed the action with prejudice. Dkt. #26. Plaintiff has now filed a motion under Rule 60 of the Federal Rules of Civil Procedure asking the Court to set aside the dismissal because the settlement was improperly obtained. Dkt. #28. For reasons set forth below, the Court will deny the motion.

**I.     Applicable Legal Standard.**

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may grant a motion for relief from a final judgment or order "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (quoting Fed. R. Civ. P. 60(b)). The purpose of this rule is to prevent "manifest injustice." *United States v. Alpine*

1  *Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). The Ninth Circuit has reminded
2  courts that this rule is to be used "sparingly," *id.*, and that there is "a compelling interest in
3  the finality of judgments which should not lightly be disregarded," *Rodgers v. Watt*, 722 F.2d
4  456, 459 (9th Cir. 1983). Accordingly, a party invoking Rule 60(b) must establish a burden
5  or hardship that "cries out for the unusual remedy" of reopening a final judgment. *Straw v.*
6  *Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989) (citation omitted).

## II. Plaintiff's Grounds for Relief.

Plaintiff asserts two principal reasons for setting aside the settlement. First, Plaintiff claims that defense counsel, Stephanie J. Quincy, "bullied, harassed, intimidated, scarred [sic] and manipulated [Plaintiff] into signing [the] settlement agreement." Dkt. #28 at 1-2. To prevail under Rule 60(b) on this basis, Plaintiff must establish fraud, misrepresentation, or other misconduct by clear and convincing evidence. *See De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). Second, Plaintiff claims that she "was not afforded the luxury of time or legal advice from an unbiased attorney." Dkt. #28 at 2.[1]

### A. Ms. Quincy's Conduct.

Plaintiff makes largely conclusory allegations that she was subjected to duress, coercion, misrepresentation and misconduct, but offers very little in terms of specifics. Plaintiff points the Court only to a few statements made by Ms. Quincy during the settlement negotiations. According to Plaintiff, Ms. Quincy stated that "if I did not sign the settlement agreement, she would 'tell the Judge David Campbell to throw the case out' and I would get absolutely nothing as well as be responsible for Defendants' court costs and legal fees." Dkt. #28 Ex. A at 1. Ms. Quincy has provided a declaration – not controverted by Plaintiff – stating that she informed Plaintiff that she would file a motion for summary judgment if

---

[1] The details of these allegations are found in the only supporting document provided by Plaintiff – a letter sent by Plaintiff to the State Bar of Arizona complaining of Ms. Quincy's conduct. Dkt. #28 Ex. A. Defendant contends that this letter is inadmissible, but cites no authority for the proposition that the document cannot be considered at this stage of the proceedings. Dkt. #29 at 5. The Court will consider Plaintiff's allegations as described in the letter.

1   the case were to go forward. Dkt. #29 Ex. C ¶5. A motion for summary judgment is a well
2   established mechanism by which a defendant seeks pre-trial dismissal of a plaintiff's claims.
3   *See* Fed. R. Civ. P. 56. If a motion for summary judgment is granted, a plaintiff would not
4   be entitled to relief and the moving party may obtain reasonable costs. Defense counsel's
5   statement that she would move for summary judgment does not constitute fraud or
6   misrepresentation for purposes of Rule 60(b).

7   Plaintiff also asserts that Ms. Quincy "told me that on a scale of 1-10, my case was
8   a 2[.]" Dkt. #28 Ex. A at 1. Ms. Quincy admits that she gave Plaintiff this case rating and
9   said that a grant of summary judgment was "very likely." Dkt. #29 Ex. C ¶5. Defense
10  counsel's comments on the relative strength of Plaintiff's case is not inconsistent with the
11  inherently adversarial nature of litigation. *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242
12  F.3d 1102, 1115 (9th Cir. 2001) ("our system of litigation *is* an adversary one, and . . .
13  presenting the facts and law as favorably as fairly possible in favor of one's client is the nub
14  of the lawyer's task.") (emphasis in original).

15  More fundamentally, Plaintiff asserts that Ms. Quincy purported to give Plaintiff
16  disinterested legal advice. But there is no indication that Ms. Quincy represented herself as
17  a neutral participant in the settlement negotiations or that Plaintiff was unaware of Ms.
18  Quincy's adversarial role. The record suggests just the opposite – the settlement was reached
19  during the course of a deposition in which Ms. Quincy was questioning Plaintiff on behalf
20  of Defendants and was probing alleged inconsistencies in Plaintiff's case, and Plaintiff does
21  not dispute Ms. Quincy's assertion that she told Plaintiff several times during settlement
22  negotiations that she was not Plaintiff's lawyer, that she had been retained to "zealously
23  defend against [Plaintiff's] allegations, and that [she] could not and would not give [Plaintiff]
24  advice." Dkt. #29 Ex. C ¶8.

25  The Court has reviewed a videotape of Ms. Quincy summarizing the settlement terms
26  to Plaintiff on the record. Dkt. #32. Plaintiff can be seen nodding in agreement as Ms.
27  Quincy describes the settlement. When asked whether Ms. Quincy's summary conformed
28  with her understanding of the settlement, Plaintiff responded "yes, that is correct." *See* Dkt.

#29 Ex. 6 at 160:17-18. When asked whether she had anything to add on the record and whether the settlement was the product of any undue pressure, Plaintiff answered "no" to both questions. *See id.* at 161:2-7. Plaintiff has failed to present clear and convincing evidence of fraud, misrepresentation, or other misconduct under Rule 60(b). *See De Saracho*, 206 F.3d at 880.

**B.     Opportunity to Consult with an Attorney.**

Plaintiff asserts that she would not have signed the agreement if she had "ample time to think about and receive unbiased legal advice." Dkt. #28 Ex. A at 1. The record clearly indicates, however, that Plaintiff had adequate time both before, during, and after the settlement negotiations to consult with an attorney.

Plaintiff informed the Court at the initial case management conference on November 30, 2007, that she had spoken with an attorney about her case and had worked with a paralegal in preparing a proposed litigation schedule. Court's Livenote Transcript, 11-30-07. Plaintiff thus knew about the possible need to obtain counsel at the outset of this case.

The Court's case management order, entered on December 6, 2007, required the parties to engage in good faith settlement talks by January 28, 2008. Dkt. #19. The parties subsequently agreed to discuss settlement on January 23, 2008, prior to Plaintiff's deposition. *See* Dkt. #29 Ex. B at 1. Plaintiff thus knew for more than six weeks that she would be engaging in settlement talks with defense counsel and had ample time to consult an attorney.

On January 23, 2008, the parties discussed settlement of the claims before Plaintiff's deposition. *See id.* Ex. C ¶3. Unable to agree on a settlement, the parties continued with the deposition. *See id.* at ¶6. During a break in the deposition, Plaintiff and Ms. Quincy reopened settlement discussions and reached an agreement. *See id.* at ¶¶6-10. Plaintiff does not dispute Ms. Quincy's declaration that during this conversation Ms. Quincy told Plaintiff that she was not Plaintiff's attorney, that Ms. Quincy would "leave the room and [Plaintiff] could call anyone she liked," and that "if [Plaintiff] wanted to take a break we could do that for as long as [Plaintiff] would like." *Id.* at ¶8. Plaintiff "assured [Ms. Quincy] that she had

- 4 -

already talked with several attorneys and had their advice." *Id.*

The settlement agreement provides that Plaintiff is to sign the agreement within 21 days. Dkt. #29 Ex. E at 2. Ms. Quincy summarized the terms of the agreement for Plaintiff on the record, including the 21-day period to consider and sign the agreement. Dkt. #29 Ex. D 159:21-160:16. Plaintiff elected not to use this 21-day period and instead signed the agreement on the day it was reached. Dkt. #29 Ex. E at 4.

The agreement also states that, seven days after execution of the agreement, Plaintiff is to indicate whether she is revoking her waiver of any age discrimination claims. Dkt. #29 Ex. E at 2. Plaintiff admits that she did in fact speak to attorney Francis Fannig immediately after signing the agreement. Dkt. #28 Ex. A at 2. Eight days after her initial execution of the agreement, and after conferring with Mr. Fannig, Plaintiff signed a form stating that she has chosen "not to revoke" the waiver of age discrimination claims and that she has "renewed" the terms of the agreement. Dkt. #29 Ex. F at 1.[2]

The Court concludes that Plaintiff was afforded a meaningful opportunity to consider the agreement and consult with an attorney. She has not shown that the agreement was entered into in haste or without the advice of counsel, nor has she demonstrated other extraordinary circumstances that would relieve her from the Court's order dismissing this action. *See* Fed. R. Civ. P. 60(b).

---

[2] Plaintiff claims that attorney Fannig advised her that Ms. Quincy "would 'get nastier'" if she did not sign the non-revocation form, and that she signed the form as a result. Dkt. #28 Ex. A at 2. Even if taken as true, this advice was provided by an independent attorney and cannot be attributed to Defendants or to Plaintiff's inability to consult with a lawyer.

- 5 -

1  **IT IS ORDERED** that Plaintiff's motion to set aside the settlement agreement (Dkt.
2  #28) is **denied**.
3  DATED this 10th day of April, 2008.

_David G. Campbell_
David G. Campbell
United States District Judge